# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| LUTHER BERNARD PARKS, | : | MOTION TO VACATE |
|    Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL NO. |
| | : | 1:06-CR-247-CAP-JSA |
| UNITED STATES OF | : | |
| AMERICA, | : | CIVIL ACTION NO. |
|    Respondent. | : | 1:12-CV-1778-CAP-JSA |

**MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION**

Movant Luther Bernard Parks filed a *pro se* motion to vacate pursuant to 28 U.S.C. § 2255 on May 14, 2012, in which he raised the following claims: (1) he received ineffective assistance of counsel because counsel failed to file an appeal after Movant requested him to do so; (2) his attorney misled him into dismissing his original § 2255 motion, filed on March 13, 2009, by advising Movant that he had filed an appeal when he had not done so; and (3) he received ineffective assistance of counsel for counsel's failure to challenge Movant's sentence as an armed career criminal. (Doc. 136).

Because the record did not conclusively demonstrate what, if any, communications occurred between Movant and his attorney and/or whether Movant exercised the requisite diligence in discovering that his attorney did not

file an appeal, on December 19, 2012, the undersigned entered an order scheduling a limited evidentiary hearing[1] and appointed counsel for Movant. (Docs. 144, 145). On January 24, 2013, the undersigned conducted the evidentiary hearing, at which Movant and his former attorney, Sandford A. Wallack, testified. (Docs. 151, 152). Following the evidentiary hearing, counsel for Movant and the Government filed briefs addressing the issues presented. (Docs. 154, 155). For the reasons that follow, the undersigned hereby **RECOMMENDS** that the instant motion to vacate sentence (Doc. 136) be **DENIED**.

I.     Procedural History

On December 11, 2007, Movant, represented by Mr. Wallack, entered a guilty plea to a single count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924(e). (Doc. 122). The plea agreement contains a waiver of Movant's appellate and collateral rights. (*Id.* at Attach. 1 ¶ 7). On February 22, 2008, U.S. District Judge Charles A. Pannell, Jr. sentenced Movant to the statutory minimum of 180 months of imprisonment to be followed

---

[1] The undersigned limited the evidentiary hearing to the following issues: (1) whether Movant's counsel failed to follow Movant's instruction to file an appeal; (2) whether Movant's counsel misled Movant into withdrawing his original § 2255 motion; and (3) whether Movant acted with diligence in discovering that no appeal had been filed. (Doc. 145).

2

AO 72A
(Rev.8/82)

by five years of supervised release. (Doc. 128). Movant filed a *pro se* § 2255 motion on March 13, 2009, in which he claimed that counsel was constitutionally ineffective for failing to file an appeal after Movant requested him to do so. (Doc. 131). On April 29, 2009, Movant filed a motion to voluntarily dismiss the § 2255 action, which the Court granted on May 7, 2009. (Docs. 134, 135).

Over three years later on May 14, 2012, Movant filed the instant § 2255 motion.[2] (Doc. 136). The Government argues that: (1) Movant did not ask trial counsel to file an appeal and therefore did not receive ineffective assistance of counsel; (2) trial counsel did not mislead Movant into dismissing his original § 2255 motion; (3) the instant § 2255 motion is untimely; and (4) Movant did not exercise diligence to warrant any type of tolling of the limitation period. (Doc. 155). The undersigned agrees.

---

[2] Under the federal "mailbox rule," both a *pro se* federal habeas petition and a § 2255 motion are deemed to be filed on the date they were delivered to prison authorities for mailing (*i.e.*, signed). *See Taylor v. Williams*, 528 F.3d 847, 849 n.3 (11th Cir. 2008); *See Rodriguez v. United States*, 279 F. App'x 753, 753 (11th Cir. 2008).

3

II.     Standard of Review

Congress enacted § 2255, authorizing convicted criminal defendants to file a motion to correct sentences that violate federal law, with the intention that the statute serve as the primary method of collateral attack on federally-imposed sentences. *United States v. Jordan*, 915 F.2d 622, 625 (11th Cir. 1990). Pursuant to § 2255, individuals sentenced by a federal court can attack the sentence imposed by claiming one of four different grounds: "(1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack." *Hill v. United States*, 368 U.S. 424, 426-27 (1962) (internal quotation marks and citations omitted); *see generally United States v. Hayman*, 342 U.S. 205 (1952).

"To obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). Movant must establish that the facts surrounding his claim present "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Bowen v. Johnston*, 306 U.S. 19, 27 (1939).

4

III.   Analysis

   A.   The Motion to Vacate is Untimely.

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal prisoners must file a 28 U.S.C. § 2255 motion to vacate within one year of the latest of four specified events:

   (1) the date on which the judgment of conviction becomes final;

   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In this case, the event governing the one-year limitation period is the date Movant's conviction and sentence became final. Movant was convicted and sentenced on February 22, 2008, and Movant had ten days from that date to file an

5

appeal. *See* Fed. R. App. P. 4(b)(1)(A).[3]  Having not filed an appeal, Movant's convictions became final on March 3, 2008, and Movant therefore had until March 3, 2009, to file a § 2255 motion.  The instant motion, filed over three years later on May 14, 2012, is therefore untimely.[4]

  B. <u>Movant Has Not Demonstrated He is Entitled to Statutory Tolling</u>.

Movant, however, claims that Mr. Wallack provided ineffective assistance of counsel because he did not file a direct appeal after Movant requested him to do so.  A § 2255 motion based on such a claim may be considered timely under § 2255(f)(4) "if the movant files within one year of discovering, through the exercise

---

[3] Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure was amended in 2009 and extended the time period for filing a notice of appeal from ten to fourteen days. *See* Fed. R. App. P. 4, Advisory Committee Notes.  The amendment became effective on December 1, 2009, and therefore does not apply to Movant.

[4] While the issue was not raised by either Movant or the Government, the undersigned notes that the instant § 2255 motion cannot relate back to the first § 2255 motion he voluntarily dismissed in 2009. *See*, *e.g.*, *United States v. Weston*, Nos. 4:96CR52-RH/WCS, 4:06-CV17-RH/WCS, 4:06-CV-28-RH/WCS, 2006 WL 1529563, at *3 (N.D. Fla. June 5, 2006) (holding that second § 2255 motions could not "relate back" to prior petition that was denied because there was nothing to relate back to); *cf. Nyland v. Moore*, 216 F.3d 1264, 1266 (11th Cir. 2000) (holding for purposes of the one-year limitation period, § 2254 petition could not relate back to a prior petition which was dismissed without prejudice because "there is nothing for the current petition to relate back to").

6

of due diligence, that counsel did not file the requested appeal." *Long v. United States*, 626 F.3d 1167, 1169 (11th Cir. 2010). At the evidentiary hearing, Movant did not meet his burden of demonstrating either that he requested an appeal or that he acted with any such diligence.

### 1.   Evidence Presented at the Evidentiary Hearing

Movant testified that although he understood that the mandatory minimum sentence for the crime to which he entered a guilty plea carried a mandatory minimum sentence of 180 months, he was not satisfied with that sentence and told Mr. Wallack that he wanted to appeal. (Doc. 152 at 10-11). Mr. Wallack visited Movant about a month and a half after sentencing to discuss a potential reduction in sentence for Movant if he were to cooperate with the Government by being debriefed. (*Id.* at 12). During that meeting, however, they did not discuss the subject of an appeal. (*Id.*). Movant admitted that he filed a § 2255 motion in 2009 in which he raised a claim that Mr. Wallack had not, in fact, filed an appeal. (*Id.* at 14, 22). After he filed that motion, Mr. Wallack met with Movant and told him that if he had a chance at cooperation with the Government, he needed to dismiss the § 2255 motion. (*Id.* at 27). Movant stated that he "always had thought" that Mr. Wallack had filed an appeal on his behalf [*Id.* at 14], and that he "believed"

7

even after that meeting that an appeal had been filed [*Id.* at 21]; however, Movant conceded that Mr. Wallack never came out and said in so many words that an appeal had been filed. (*Id.* at 27).

According to Movant, despite the fact that he filed a § 2255 motion in 2009 raising a claim that Mr. Wallack had not filed an appeal on his behalf as requested, he did not discover that same fact until April 12, 2012, after the Eleventh Circuit responded to his inquiry. (*Id.* at 15-16). Movant stated that he had been unable to ascertain whether an appeal was pending prior to that time because at some point after sentencing he was transferred from the United States Penitentiary in Atlanta ("USP-Atlanta") to the United States Penitentiary in Hazelton ("USP-Hazelton") and guessed he "just lost track of time." (*Id.*). Movant also indicated that he made efforts to contact Mr. Wallack regarding his appeal and was unsuccessful. (*Id.* at 15-16, 24, 26).

Mr. Wallack testified unequivocally that Movant never asked him to file an appeal. (Doc. 152 at 31, 41). In Mr. Wallack's practice, he has never had a client who entered a plea containing a waiver of appellate rights ask him to file an appeal; however, if a client were to tell Mr. Wallack he wants to appeal, he would

8

discuss the client's rights with him and comply with the client's request to file an appeal. (Doc. 152 at 41).

Mr. Wallack corroborated Movant's testimony that when he met with Movant after Movant filed his § 2255 motion, he told Movant that if Movant continued to pursue the motion he would not receive cooperation from the Government. (*Id.* at 34). Their testimony differs, however, in that where Movant claimed that he walked out of that meeting with a "belief" that Mr. Wallack had filed an appeal on his behalf, Mr. Wallack stated that during that meeting he explicitly made Movant aware that he had never filed an appeal because Movant had never asked him to do so. (*Id.* at 43). Even at that time, Movant did not ask him to file an appeal or express a desire to do so. (*Id.*).

> 2. The Evidence Supports a Finding that Movant Did Not Request an Appeal or Act With Diligence.

Although the evidence is disputed, the undersigned finds Mr. Wallack's testimony that Movant never asked him to file an appeal is more credible than Movant's testimony that he did. First, while Movant claims that he told Mr. Wallack that he wished to appeal because his sentence was too harsh, such a claim seems doubtful in light of the facts that: he signed a plea agreement containing a

9

waiver of his appellate rights; prior to entering his plea he was aware of the statutory minimum sentence; and he actually was sentenced to no more than that statutory minimum. Given these facts, Mr. Wallack's testimony makes more sense, and it also is more consistent with the record as a whole.

Additionally, Movant's testimony that he "always had thought" that Mr. Wallack had filed an appeal on his behalf and that he did not discover that an appeal had not been filed until April of 2012 is contradicted by his own § 2255 motion that he filed in 2009 in which he raised the precise claim that Mr. Wallack failed to file an appeal after Movant requested it. With regard to Movant's contention that Mr. Wallack "misled" him into withdrawing that 2009 motion by allegedly leading him to believe during their meeting that an appeal had been filed, he provided no evidence or testimony at the evidentiary hearing to support that contention. Rather, he appeared simply to rely on his alleged "belief" that an appeal had been filed.

Movant, however, never clarified why he would "believe" an appeal was pending after a meeting in which the "main message" was to let Movant know that he would not receive the benefit of cooperation if he continued to pursue his § 2255 claim that Mr. Wallack did *not* file an appeal, and even though Mr. Wallack

AO 72A
(Rev.8/82)

never "came out in so many words" and said that he had filed an appeal. In light of that then-pending § 2255 motion, and compared with Mr. Wallack's unequivocal testimony that during the meeting Mr. Wallack specifically told Movant that he had never filed an appeal, Movant's unfounded "belief" after the meeting that an appeal was pending is simply not credible. Moreover, any such "belief" on Movant's part is insufficient to establish that Mr. Wallack "misled" Movant to believe otherwise. Instead, what makes the most sense on this record is that Movant withdrew his first § 2255 motion because he wanted to receive the benefit of cooperation.

Finally, in the unlikely event that Movant was misled to believe that an appeal was pending, Movant has not demonstrated that he acted diligently in discovering that no appeal was filed. Under § 2255(f)(4), the limitations period "begins to run when the facts *could have been discovered* through the exercise of due diligence, not when they were *actually* discovered." *Aron v. United States*, 291 F.3d 701, 711 (11th Cir. 2002) (emphasis in original). "Due diligence" in this context "does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts." *Id.* at 712; *see also Johnson v. United States*, 544 U.S. 295, 310-11 (2005) (stating that

11

a petitioner must act with "reasonable promptness" and that the movant was not diligent where he "delayed unreasonably"). The diligence inquiry "is an individualized one that must take into account the conditions of confinement and the reality of the prison system." *Aron*, 291 F.3d at 712 (internal quotation marks and citation omitted).

Here, Movant failed to exercise due diligence in his efforts to learn whether Mr. Wallack filed an appeal on his behalf. At the very least Movant was aware of the fact that no appeal was filed in March of 2009 when he filed his § 2255 motion raising his ineffective assistance claim and/or a short time later when he met with Mr. Wallack who verified that fact.

Even if this Court were to believe Movant's testimony that he was unaware that an appeal had not been filed until three years after he withdrew his first § 2255 motion, Movant's vague testimony of his alleged diligence in those three years is insufficient to satisfy his burden that he made "reasonable efforts" with "reasonable promptness." Indeed, Movant admitted that in that time period he never contacted the Eleventh Circuit, and despite his conclusory statement that he made unsuccessful "efforts" to contact Mr. Wallack, he did not provide any reasonably specific facts about the timing, method, content, or amount of those

AO 72A
(Rev.8/82)

"efforts." Simply stated, Movant's conclusory allegations of diligence during the four-year period after he was sentenced are vague and unconvincing.[5] The more likely scenario, in Movant's own words, is that he "just lost track of time." The Court finds, therefore, that Movant has failed to meet his burden that he exercised due diligence and, accordingly, the instant § 2255 motion is untimely.[6]

IV.   Conclusion

Based on the foregoing reasons, **IT IS HEREBY RECOMMENDED** that Movant's motion to vacate sentence [Doc. 136] be **DENIED**.

V.   Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C.

---

[5] Even taking into account the fact that Movant was transferred from USP-Atlanta to USP-Hazleton at some point after sentencing, Movant still does not explain how that move prevented him from discovering for three years after the transfer that Mr. Wallack had not filed an appeal.

[6] Although the one-year limitation period in § 2244(d) is subject to equitable tolling, *Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 2560 (June 14, 2010), Petitioner does not present any extraordinary circumstances that would indicate that he seeks equitable tolling or that any such equitable tolling would apply.

§ 2253(c)(2)."  28 U.S.C. § 2253(c)(2) provides that a certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  In order for the certification requirement to fulfill its function of weeding out frivolous appeals, a court should not automatically issue a COA; rather, the applicant must prove "something more than the absence of frivolity" or "the existence of mere 'good faith' on his or her part."  *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (citations omitted).

Movant need not prove, however, that some jurists would grant the § 2255 motion.  *See id.*  "The question is the debatability of the underlying constitutional claim, not the resolution of that debate."  *See Lamarca v. Secretary, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009) (citing *Miller-El*, 537 U.S. at 325).  In other words, Movant need only demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Based on the foregoing discussion, reasonable jurists would not find "debatable or wrong" the undersigned's determination that Movant's claims are time-barred.  *See Slack*, 529 U.S. at 484.

Accordingly, **IT IS FURTHER RECOMMENDED** that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED** this 7th day of May, 2013.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)