UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LUTHER BERNARD PARKS, | |
| Movant, | CRIMINAL ACTION NO. 1:06-CR-0247-CAP |
| v. | CIVIL ACTION NO. 1:12-CV-1778-CAP |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## **O R D E R**

This action is before the court on the magistrate judge's report and recommendation ("R&R") [Doc. No. 156]. The movant has filed objections thereto [Doc. No. 159].

In his motion to vacate, the movant claimed that he received ineffective assistance of counsel because his attorney failed to file an appeal after being asked to do so. The magistrate judge recommended denial of the movant's § 2255 motion to vacate as untimely and because the movant was not entitled to equitable tolling [Doc. No. 156]. Additionally, the magistrate judge

recommended that the movant be denied a certificate of appealability ("COA").

The movant's primary objection is to the denial of the certificate of appealability. He argues that the magistrate judge's assessment of his diligence in pursuing his rights is "at least a debatable question deserving of a COA." [Doc. N. 159 at 2]. The diligence evaluated by the magistrate judge was the movant's actions in determining whether an appeal of his sentence was pending. In the objections, the movant simply argues that there is evidence that he has persisted in seeking to have his ineffective assistance claim heard. This is not the relevant issue. The diligence issue addressed by the magistrate judge was in the context of whether equitable tolling was appropriate for the untimely motion to vacate. In making the assessment, the magistrate judge was concerned with whether the movant took reasonable steps to ascertain whether an appeal of his sentence and conviction was pending, not what actions the movant has taken to file this § 2255 motion.

As the magistrate judge pointed out, the movant knew there was no appeal pending when he filed his initial § 2255 motion in March 2009 because he claimed counsel failed to file the appeal in that motion. While the movant testified that he "always had thought he had put my appeal in because I had told him to do so" [Doc. No. 152 at 14], he did not offer any explanation of

2

what steps he took to determine if there was a pending appeal. Despite the clear knowledge of the movant of the lack of an appeal in 2009, he stated at the evidentiary hearing that he discovered there was no appeal filed in 2012 [*Id.*]. Not only is there an absence of evidence showing any diligence in determining if there was a pending appeal, the testimony of the movant that he learned of this fact in 2012 is not credible. Therefore, on the issue of diligence, the magistrate judge's conclusion was correct, and it is not a debatable question deserving of a COA.

Because the § 2255 motion to vacate is untimely and because the movant is not entitled to equitable tolling, the court agrees with the magistrate judge's recommendation that the motion be DENIED. Furthermore, the court agrees with the magistrate judge's recommendation that the movant be denied a COA. The R&R is adopted as the opinion and order of this court.

SO ORDERED, this 4th day of June, 2013.

/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL JR.
United States District Judge